**Reith v. PennDOT**

*Stephen Peter Vlossak,* for petitioner.
*Frank M. O'Neill, assistant counsel,* for the Commonwealth.

O'BRIEN, *J.,* April 29, 1992—

## FINDINGS OF FACT

(1) On October 2, 1990, the State Farm Insurance Cos. issued an automobile policy meeting the requirements of the Financial Responsibility Act to the petitioner covering a 1979 Jeep and a 1977 Ford. The petitioner was quoted a monthly premium of $79 per month.

(2) On December 22, 1990, the petitioner received the insurance policy together with a bill for $196 per month. The petitioner telephoned the insurance company who advised him the bill was a mistake and he submitted a payment of $79 as requested by the company.

(3) On January 17, 1991, the State Farm Insurance Cos. mistakenly canceled petitioner's auto coverage for alleged nonpayment of premium and notified the Department of Transportation of this action. The State Farm Insurance Cos. did not notify the petitioner nor the insurance agent who had issued the coverage concerning the cancellation.

(4) On February 10, 1991, the petitioner first learned of the mistake in cancellation and immediately contacted his agent. On February 15, 1991, State Farm Insurance

Cos. reinstated petitioner's coverage in a manner meeting the requirements of the Financial Responsibility Act for both automobiles.

(5) On October 25, 1991, and October 30, 1991, the Department of Transportation notified petitioner that his registration privilege would be suspended for a period of three months for failure to maintain insurance with respect to both automobiles he owned.

## DISCUSSION

The Financial Responsibility Act as amended effective July 10, 1990, provides in pertinent part as follows:

"(d) *Suspension of registration and operating privilege*—The Department of Transportation shall suspend the registration of a vehicle if it determines the required financial responsibility was not secured as required by this chapter and shall suspend the operating privilege of the owner or registrant for a period of three months if the department determines that the owner or registrant has operated or permitted the operation of the vehicle without the required financial responsibility. The operating privilege shall not be restored until the restoration fee for operating privilege provided by section 1960 (relating to reinstatement of operating privilege or vehicle registration) is paid. Whenever the department revokes or suspends the registration of any vehicle under this chapter, the department shall not restore the registration until the vehicle owner furnishes proof of financial responsibility in a manner determined by the department and submits an application for registration to the department, accompanied by the fee for restoration

of registration provided by section 1960. This subsection shall not apply in the following circumstances:

"(1) The owner or registrant proves to the satisfaction of the department that the lapse in financial responsibility coverage was for a period of less than 21 days and that the owner or registrant did not operate or permit the operation of the vehicle during the period of lapse in financial responsibility." 75 Pa.C.S. §1786.

## CONCLUSIONS OF LAW

(1) The Department of Transportation has failed to establish that the petitioner operated or permitted the operation of his vehicles without the required financial responsibility.

(2) The cancellation of the policy by the insurance company was in violation of their contractual agreement with the petitioner and was without just cause.

(3) The suspension of the registration privileges of the petitioner by the Department of Transportation was without notice or due process and issued at a time when the petitioner was in full compliance with the Financial Responsibility Act.

## ORDER

And now, April 29, 1992, the orders of the Department of Transportation of the Commonwealth of Pennsylvania dated October 25, 1991, and October 30, 1991, suspending the registration privileges of the petitioner Harry E. Reith are reversed.